CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 28 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

STEPHEN G. BUTLER, Executor and )
Trustee Under Will of JOHN R. KOSIN, )
Deceased, ) Civil Action No. 5:07CV00003
 )
 Plaintiff, )
v. ) **MEMORANDUM OPINION**
 )
CYNTHIA KOSIN, ET AL., ) By: Samuel G. Wilson
 ) United States District Judge
 Defendants. )

Stephen G. Butler, the executor and trustee of John R. Kosin's estate, brought suit in the Circuit Court for the City of Winchester, Virginia to determine the priorities of the creditors asserting an interest in Kosin's estate. GE Capital Franchise Finance Corporation (GE Capital), a named defendant, answered and asserted a counterclaim that essentially sought to disgorge funds from the estate because they were fraudulently transferred there in violation of Virginia law. The United States Internal Revenue Service (IRS), another named defendant, removed the action to this court. The court has sua sponte questioned its jurisdiction and, having reviewed the briefs the parties submitted, concludes that the probate exception to federal court jurisdiction precludes it from exercising jurisdiction because it cannot grant the relief sought in Butler's complaint and GE Capital's counterclaim. The relief Butler seeks is effectively the administration of Kosin's estate. The relief GE Capital seeks endeavors to dispose of property within the custody of the state probate court. Accordingly, the court remands this case to the Circuit Court for the City of Winchester, Virginia.

I.

John R. Kozin died testate in Hot Springs, Arkansas on March 3, 2003, owning realty in

Arkansas and personalty in Virginia. On March 21, 2003, the Circuit Court for the City of Winchester, Virginia admitted Kosin's will to probate and qualified Stephen G. Butler as the executor. On April 13, 2006, Butler filed a suit for aid and guidance[1] in Circuit Court that named forty defendants. Butler sought "the aid and direction of the Court to settle the Estate since there are various claims against the Estate, a claim by the widow to take against the Will, and undetermined tax liabilities and all the priority payments therefor, all of which require Court determination." (Compl. ¶ 16.) The complaint requested the following relief:

1. That all creditors of the aforesaid Estate including the Federal and State tax authorities, be convened and the priority of all claims be ascertained;

2. That all accounts be taken and had;

3. That all beneficiaries under the aforesaid Will and Trust be made parties defendant and that guardians *ad litem* be appointed to represent the three infant Defendants and the Parties Unknown.

4. That the Court determine the proper costs, fees, and commissions of your Executor and Trustee;

5. That the Court allow the Complainant to sell the Wen-Alex Inc. stock at this time;

6. That this matter be stayed until the Offer of Compromise is resolved by the Internal Revenue Service; and

7. That your Complainant have such other necessary and proper relief in order to effect the complete administration of the aforesaid estate.

(Compl. Prayer for Relief.) In its Answer and Counterclaim filed on August 29, 2006, GE Capital alleged that its predecessors-in-interest leased property to two corporations that Kosin

---

[1]Under Virginia law, executors and administrators often file suits for aid and guidance in the Circuit Court when either the legal or factual circumstances make estate administration difficult. See In re Estate of Levi, 61 Va. Cir. 31, 33-34 (Cir. Ct. 2003).

wholly owned, and that Kosin personally guaranteed the lease obligations. After Kosin died, the two corporations defaulted on their leases, sold a substantial portion of their assets, and transferred those proceeds to Kosin's estate. GE Capital claimed those transfers were fraudulent conveyances in violation of Va. Code Ann. §§ 55-80, -81, -82, and sought an order (1) avoiding the transfers, (2) recognizing and enforcing the statutory lien that Va. Code Ann. § 55-82 created in favor of GE Capital, and further prohibiting the estate from expending any funds until GE Capital was paid in full, (3) directing that Kosin's estate satisfy the amount due under the leases with interest, and (4) granting GE Capital a $2 million judgment, an amount representing the outstanding balance on the lease obligations.

On January 12, 2007, the IRS removed the case to this court to determine the priority of its claim against the estate.[2] Its claim totaled approximately $5.5 million, $2.5 million arising from unpaid trust fund recovery penalty assessments, and $3 million arising from individual income tax liabilities. The IRS argued that its claim had first priority status pursuant to 31 U.S.C. § 3713 because Kosin's estate was insolvent. This court sua sponte questioned its subject matter jurisdiction during a conference with counsel, and invited the parties to submit memoranda addressing the propriety of the IRS's removal and the potential application of the probate exception. The IRS, GE Capital, and the State of Indiana, another named defendant, responded.

---

[2]The IRS removed the action under 28 U.S.C. § 1442(a)(1), claiming that Butler's action was a civil action commenced against the United States for the collection of revenue, and alternatively under 28 U.S.C. § 1444, claiming that Butler's action was of interpleader or in the nature of interpleader with respect to property on which the United States claimed a lien.

3

## II.

All three parties submitting memoranda argue that the probate exception to federal court jurisdiction does not apply because the parties seek only an adjudication of their rights to the estate property. The court disagrees because were it to grant the relief sought in Butler's complaint and GE Capital's counterclaim, the court would interfere with the state probate court's in rem jurisdiction over Kosin's estate. Under the circumstances presented here, the removal of Butler's suit for aid and guidance is tantamount to the removal of the administration of Kosin's estate. Additionally, GE Capital seeks an order from this court that would dispose of property that is in the custody of the state probate court. Since the probate exception bars a federal court from granting this relief, the court remands this case to the Circuit Court for the City of Winchester, Virginia.

The probate exception to federal court jurisdiction precludes a federal court from probating or annulling a will and administering an estate. Markham v. Allen, 326 U.S. 490, 494 (1946). A federal court has jurisdiction to determine the rights of claimants against a decedent's estate "so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court." Id. Because lower courts reached differing interpretations of the scope of Markham's "interfere with the probate proceedings" language, the Supreme Court revisited and clarified the probate exception in Marshall v. Marshall, 547 U.S. 293 (2006).

In Marshall, while her husband's estate was being probated in Texas, Vickie Marshall asserted a tortious interference claim against her husband's son in federal bankruptcy court in California. 547 U.S. 293, 293-94 (2006). The Ninth Circuit held that the probate exception

4

precluded the bankruptcy court from exercising jurisdiction over Marshall's tortious interference claim because that claim interfered with the Texas probate court proceedings. Id. at 304. The Supreme Court reversed. Id. at 315. The Court noted that Markham's "interfere with the probate proceedings" language was "not a model of clear statement," and clarified the meaning of that phrase to prohibit a federal court from "endeavoring to dispose of property that is in the custody a state probate court." Id. at 310, 312. "Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Id. at 311-12 (emphasis added). Since Marshall sought an *in personam* judgment against her husband's son that did not "seek to reach a *res* in the custody of a state court," the probate exception did not bar the bankruptcy court from exercising jurisdiction over her claim. Id. at 312.

Therefore, as Marshall makes clear, a claimant may obtain a federal-court, *in personam* judgment that does not endeavor to dispose of property within the custody of a state probate court, without running afoul of the limited probate exception to federal court jurisdiction. However, the probate exception still precludes a federal court from granting any relief that would require it "to assert control over property that remains under the control of the state courts." Lefkowitz v. Bank of N.Y., 528 F.3d 102, 107 (2d Cir. 2007) (holding that the probate exception precluded the court from exercising jurisdiction over claims for conversion and unjust enrichment, as well as "unpaid claims for moneys owed" and specific performance relief, against the estate's executor because these claims sought "in essence, disgorgement of funds that remain under the control of the Probate Court").

5

With these precepts in mind, the court first examines the probate exception's application to Butler's complaint. The complaint asks the court to "settle the Estate" and requests that the court (1) ascertain all priorities against the estate, (2) order an accounting, (3) join all beneficiaries and appoint guardians *ad litem* for the infant beneficiaries, (4) determine the executor's expenses and commissions, (5) permit the executor to sell estate property, (6) stay the action until the IRS resolves its Offer in Compromise, and (7) grant any other relief "to effect the *complete administration* of the aforesaid Estate." The import is clear: Butler's suit for aid and guidance was meant to administer Kosin's estate. Whether considering the requests for relief individually[3] or collectively, the probate exception bars this court from exercising jurisdiction

---

[3]The court finds that the probate exception also bars the court from granting the core of the complaint's individual requests for relief, determining the entire order of priorities, because the determination of priority status is reserved to state probate courts. See Pufahl v. Parks' Estate, 299 U.S. 217, 226 (1936) ("While [a claimant] may not be denied his right to prosecute an action to judgment . . . in the federal court, such judgment or decree can do no more than adjudicate the amount and validity of his claim. The marshaling of that claim with others, its priority, if any, in distribution, and all similar questions, are for the probate court upon presentation to it of the judgment or decree of the federal court."). More recently, the Second Circuit, after holding that the probate exception does not preclude a federal court from entering a judgment that a plaintiff was entitled to a share in the estate, noted that "[w]hether the plaintiff's share would actually result in his receipt of money, and how much, would depend on the probate court's findings as to the extent of the estate's assets and the extent of the competing claims with varying priorities." Dulce v. Dulce, 233 F.3d 143, 148 (2d Cir. 2000).

The court cannot grant the second and fifth requests for relief because the probate exception precludes a federal court from ordering an accounting of the estate, see Waterman v. Canal-La. Bank & Trust Co., 215 U.S. 33, 45 (1909) (holding that a suit filed in federal court "goes too far in asking to have an accounting of the estate, such as can only be had in the probate court having jurisdiction over the matter"), and permitting an administrator to sell estate assets, see In re Estate of Threefoot, 316 F. Supp. 2d 636, 644 (W.D. Tenn. 2004). Since Virginia reserves the determination of fiduciary compensation to the discretion of the Commissioner of Accounts, subject to the Circuit Court's ultimate discretion, the probate exception likely precludes this court from granting the fourth request for relief. See Va. Code Ann. § 26-30 ("The commissioner, in stating and settling the account, shall allow the fiduciary . . . a reasonable compensation, in the form of commission on receipts, or otherwise."); Clare v. Grasty, 191 S.E.2d 184, 188 (Va. 1972) ("It is well settled that the allowance of a commission is within the

6

over the complaint because to do so the court would be both administering Kosin's estate and, by permitting Butler to sell estate assets, would also be endeavoring to dispose of property that is within the custody of the state probate court. Cf. Duffy v. Duffy, No. 05 C 3217, 2006 WL 1443895, at *2-3 (N.D. Ill. May 19, 2006) (finding that, under Marshall, the probate exception barred an executor's action to equitably apportion the estate's assets to reimburse himself for the estate tax liability he personally paid because the questions concerning his entitlement, and which assets should be used to reimburse him, were "intertwined with the administration of the estate").

The IRS argues that jurisdiction is proper because Congress expressly vested federal courts with jurisdiction to resolve disputes against the United States concerning the internal revenue laws. See, e.g., 26 U.S.C. § 7402(a) ("The district courts . . . shall have such jurisdiction . . . to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws"); 28 U.S.C. § 1340 ("[D]istrict courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue). This argument misses the point. Express grants of jurisdiction do not necessarily override the probate exception to federal court jurisdiction. Cf. Jones v. Brennan, 465 F.3d 304, 307-08 (7th Cir. 2006) (finding that the probate exception applies to diversity and federal question jurisdiction); In re Marshall, 392 F.3d 1118, 1131-32 (9th Cir. 2004), rev'd on other grounds, Marshall v. Marshall, 547 U.S. 293, 315 (2006) (same); Tonti v. Petropoulous, 656 F.2d 212, 215-16 (6th Cir. 1981) (same); see also In re Estate of Threefoot, 316 F. Supp. 2d at 642-43 (applying probate exception to an action to quiet title pursuant to 28 U.S.C. § 2410(a)(1)). Therefore, although federal courts may normally determine the validity and amount of an estate's

---

sound discretion of the trial court.").

Case 5:07-cv-00003-SGW   Document 109   Filed 01/28/09   Page 7 of 9   Pageid#: 1101

tax liability, see Williams v. United States, 327 F. Supp. 2d 720, 723 (S.D. Tex. 2004), the probate exception precludes such a determination here because Butler's complaint essentially asks this court to administer the entire estate by ascertaining all claims, as well as their respective priorities.

Additionally, the court finds that the probate exception precludes this court from exercising jurisdiction over GE Capital's counterclaim because it seeks relief that essentially "endeavors to dispose of property with the custody of a state probate court." Marshall, 547 U.S. at 312. GE Capital's counterclaim not only seeks a money judgment in the amount of the outstanding lease obligations, but it also seeks an order that avoids the allegedly fraudulent transfers and directs Kosin's estate to satisfy the obligations. In essence, GE Capital asks this court to disgorge funds from the estate. Because granting this relief would directly dispose of property within the probate estate, the probate exception precludes this court from exercising jurisdiction over GE Capital's counterclaim.[4]

## III.

Pursuant to 28 U.S.C. § 1447(c), a district court should remand a case if it appears at any time before final judgment that it lacks subject matter jurisdiction. Having determined that the

---

[4]As a practical matter, maintaining removal jurisdiction over less than the entire case prevents this court from fully determining which of the competing claims are entitled to the limited funds in Kosin's estate. Butler himself has admitted that the estate is insolvent, (Docket No. 93), and the parties do not dispute that the IRS's claim, by statute, has first priority to the property legitimately in Kosin's estate. See 31 U.S.C. § 3713(a)(1)(B) ("A claim of the United States Government shall be paid first when the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor."). Intertwined with this claim of first priority, GE Capital claims it is entitled to certain estate funds because they were illegitimately transferred into the estate, and it seeks an order disgorging those funds from the estate assets. Adjudicating the IRS's claim independently of GE Capital's does nothing to determine each party's potentially limited entitlement to a share of the insolvent estate.

8

probate exception precludes this court from exercising jurisdiction over Butler's complaint and GE Capital's counterclaim, the court will remand this case to the Circuit Court for the City of Winchester, Virginia.

**ENTER**: This 28th day of January 2009.

_____
UNITED STATES DISTRICT JUDGE